UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80895-CIV-MARRA/JOHNSON


ABEL SALAZAR, on his own behalf
and others similarly situated,

      Plaintiff,

v.

SUNBELT SPRINKLER AND WELL
DRILLING, INC., a Florida corporation,
and HOWARD HOLLOWAY, individually,

      Defendants.

_____/


**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court on Defendants Sunbelt Sprinkler and Well Drilling,

Inc., and Howard Holloway's Motion for Summary Judgment (DE 18), filed February 22, 2008.

The motion is now fully briefed and is ripe for review.  The Court has carefully considered the

motion and is otherwise fully advised in the premises.

**Background**

On September 27, 2007, Plaintiff Abel Salazar ("Plaintiff") filed his Complaint (DE 1)

against Sunbelt Sprinkler and Well Drilling ("Sunbelt") and Howard Holloway ("Holloway")

(together, "Defendants"), seeking unpaid overtime compensation pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

The facts, as gleaned from the affidavits and exhibits submitted by the parties, are as

follows: Defendant Sunbelt is a company "principally engaged in the business of installing sprinkler systems for tract home developments." (Holloway Aff. ¶ 3.) Plaintiff was employed with Defendants from some time in 1999 through May 2007. (Salazar Decl. ¶ 4; Holloway Aff. ¶ 6.) As part of the work crew, Plaintiff was responsible for laying fitting; other workers would install the pipes between the fittings. (Salazar Decl. ¶ 8; Holloway Aff. ¶ 13.)

Plaintiff claims he was a laborer like every other employee for Defendants. Plaintiff avers that his main responsibilities involved digging ditches and burying pipe. (Salazar Decl. ¶ 9.) He also claims that he "typically averaged 60 [work] hours per week" but that he was never paid overtime compensation. (Salazar Decl. ¶ 9.) Defendants counter that Plaintiff was a "job installation foreman" (a promotion he received "five or six years ago"); as a result of this supervisory position, Defendants claim that Plaintiff was not entitled to overtime compensation. (Holloway Aff. ¶ 9.)

## MOTION TO STRIKE

Defendants have "objected" to the statements of Abel Salazar, Jose Luiz Acuna, and Jesus Torres submitted by Plaintiff in opposition to Defendants' motion for summary judgment. In particular, Defendants object to the declarations of Acuna and Torres because, they claim, Acuna and Torres were not individuals named during discovery who have material information relating to this case. Defendants object to Plaintiff Salazar's declaration because it is not notarized and that it conflicts with his deposition testimony.

With respect to Plaintiff's declaration, 28 U.S.C. § 1746 does not require verification by a notary public for the declaration to be valid. Instead, a declarant need only declare "under penalty

of perjury" that his statement is true and correct. 28 U.S.C. § 1746. In this case, Plaintiff declared

"under penalty of perjury" that all of his statements are "true and correct." Thus, his declaration is

sufficient to be considered by the Court, and it shall not be excluded on this ground. With respect

to any conflicts between Plaintiff's declaration and his deposition testimony, the Court will

address those as they arise in the analysis of Plaintiff's FLSA claims.

As far as Acuna and Torres are concerned, the Court will not reach the merits of

Defendants' claims at this time that these witnesses were not disclosed during discovery. As will

be explained in detail, the Court finds, relying on Plaintiff's declaration alone, that material issues

of fact preclude the entry of summary judgment in favor of Defendants. Thus, a consideration of

Acuna and Torres' statements is unnecessary, since the result will be the same. Should

Defendants wish to exclude the testimony of Acuna and Torres at trial, Defendants may submit a

motion in limine outlining their arguments for exclusion in detail.

## MOTION FOR SUMMARY JUDGMENT

### Standard of Review

The Court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."   Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a

genuine issue of material fact lies with the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

323(1986).  The Court should not grant summary judgment unless it is clear that a trial is

unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this

regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

4

**Discussion**

The central dispute in this case is whether Plaintiff should have been paid overtime compensation when he worked more than forty hours per week or whether he was exempted from FLSA's coverage under the "executive" exemption.  29 U.S.C. §§ 207, 213(a)(1).

Department of Labor regulations define an employee as "employed in a bona fide executive capacity" when all of the following are met:

(1) The employee is compensated on a "salary basis" of at least $455 per week;

(2) The employee's "primary duty is management of the enterprise in which the employee is employed";

(3) The employee regularly directs the work of two or more other employees; and

(4) The employee has the authority to hire and fire employees or the employee's recommendations with respect to hiring and firing are given "particular weight."

29 C.F.R. § 541.100(a).[1]  Plaintiff does not dispute that he was paid more than $455 per week under the "salary basis" test.  (Pl. Resp. 7.)  Thus, the Court need only address the other three factors.

Management as Primary Duty

The Department of Labor regulations[2] provide a lengthy list of activities that generally

---

[1]The Department of Labor regulations were amended in August 2004.  Prior to that time, the regulations only listed the first three factors listed here.  29 C.F.R. § 541.1(f) (2004).  For all conduct prior to August 2004, the Court need only address the first three factors.  *See Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1299 (S.D. Fla. 2006); *Bagwell v. Florida Broadband, LLC*, 385 F. Supp. 2d 1316, 1322 n.5 (S.D. Fla. 2005).

[2]The FLSA explicitly authorizes the Department of Labor to issue regulations defining the executive and administrative exemptions to the statute.  *See* 29 U.S.C. § 213(a).  The Court must give such regulations "controlling weight" unless they are "arbitrary, capricious, or

connote "management":

> activities such as interviewing, selecting, and training of employees;
> setting and adjusting their rates of pay and hours of work; directing the
> work of employees; maintaining production or sales records for use in
> supervision or control; appraising employees' productivity and efficiency
> for the purpose of recommending promotions or other changes in status;
> handling employee complaints and grievances; disciplining employees;
> planning the work; determining the techniques to be used; apportioning the
> work among the employees; determining the type of materials, supplies,
> machinery, equipment or tools to be used or merchandise to be bought,
> stocked and sold; controlling the flow and distribution of materials or
> merchandise and supplies; providing for the safety and security of the
> employees or the property; planning and controlling the budget; and
> monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102.  Defendants claim that Plaintiff had several "managerial" responsibilities,

including the following: Plaintiff had use of a company truck which he stocked with parts and

supplies; Plaintiff was in charge of assessing the readiness of sites for pipe installation; Plaintiff

determined the sequence and order of installation on a given day; Plaintiff directed the placement

of pipe fittings by the crew; Plaintiff assigned all crew tasks, like digging, laying pipe, gluing the

pipe to the fittings, and filling the trenches; and Plaintiff conducted inspections when Holloway

was not available.  (Holloway Aff. ¶ 13.)  While conceding that Plaintiff spent much of his time

on physical labor with the rest of the crew, Holloway avers that Plaintiff's most important

function was to supervise the crew.  (Holloway Aff. ¶ 18.)  In fact, Holloway states that if

Plaintiff did not come to work, the crew could not work.  (Holloway Aff. ¶ 19.)

Plaintiff denies that he had these managerial responsibilities.  Plaintiff states that he "did

not direct others on what to do and how to perform their jobs."  (Salazar Decl. ¶ 9.)  Instead,

---

manifestly contrary to the statute."  *Chevron U.S.A., Inc. v. Natural Resources Defense Council,
Inc.*, 467 U.S. 837, 844 (1984).

Holloway "was the only person who told all employees what to do and when." (Salazar Decl. ¶ 12.) He claims he only had control of a company truck to pick up other workers. (Salazar Decl. ¶ 10.) Plaintiff also claims that Holloway would stock the truck and that Plaintiff would only procure supplies when parts were needed in the middle of a project. (Salazar Decl. ¶ 11.) With respect to inspections, Plaintiff claims that all employees would inspect the entire site for errors or mistakes; Plaintiff did not have sole responsibility for checking a site upon completion of a project. (Salazar Decl. ¶ 13.) Nevertheless, Plaintiff did represent himself as a "foreman" for Sunbelt, and Plaintiff admitted at his deposition that he "never failed to go to work" because, as the foreman, if he did not go, "the other guys wouldn't work." (Salazar Dep. 59-60.)

Based on this evidence, the Court finds that a material issue of fact exists as to whether Plaintiff had any "managerial" responsibilities. The fact that Plaintiff may have been labeled a "foreman" is not "talismanic" or dispositive of one's managerial status. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1264 (11th Cir. 2008). From the evidence presented, the Court cannot even determine what Plaintiff's exact duties were. Without a determination of Plaintiff's actual duties, the Court cannot proceed to the question of whether Plaintiff potentially had managerial responsibilities, let alone whether these were his primary duties.

Even if the Court were to proceed to the question of primary duties, the Court would still be faced with a material issue of fact that would preclude an entry of summary judgment. The regulations define "primary duty" as the "principal, main, major or most important duty that the employee performs," which is based on an examination of the totality of the circumstances in a particular case. 29 C.F.R. § 541.700(a). Specifically, the regulations direct the Court to consider (1) the "relative importance" of the employees exempt and non-exempt duties, (2) the frequency

with which employees exercise discretion; (3) the employee's freedom from direct supervision, and (4) the relationship of the employee's salary to the wages paid to non-exempt employees. *Id.*

The amount of time an employee spends on managerial work is not dispositive of whether he or she is an exempt employee.  § 541.700(b).  Many other courts have held that managers of retail establishments are exempt, "notwithstanding the fact that they spent the majority of their time performing non-exempt tasks." *Poseley v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1302-03 (S.D. Fla. 2006) (collecting cases).  Conversely, the regulations explain that an employee does not become an "executive" merely for providing occasional direction to other employees on the job site or for ordering parts and materials for the job.  29 C.F.R. § 541.106(c).

**Relative Importance of Exempt Duties**

In evaluating this factor, the Court must measure the "significance of the managerial tasks to the success of the facility." *Haines v. Southern Retailers, Inc.*, 939 F. Supp. 441, 450 (E.D. Va. 1996).  The person "in charge" of a subdivision is generally considered to have management as a primary duty, even if that person spends more aggregate time performing non-exempt duties and "makes few significant decisions." *Donovan v. Burger King Corp.*, 672 F.2d 221, 227 (1st Cir. 1982); *see also Horne v. Crown Central Petroleum, Inc.*, 775 F. Supp. 189, 191 (D.S.C. 1991) ("The [employees] merely rowed the boat; [the manager] charted and steered its course."). Nevertheless, merely having the title "manager" is not talismanic, and the Court must still engage in a fact-specific inquiry to determine whether the "manager's" most critical duties to the enterprise are her exempt managerial duties. *Rodriguez*, 518 F.3d at 1264 ("When it comes to deciding whether an employee is an executive within the meaning of the FLSA, the answer is in the details.").

While it is true that "[w]hether an employee is exempt is determined by the employee's actual work activities, not by the employer's characterization of those activities," *Cooke v. General Dynamics Corp.*, 993 F. Supp. 56, 61 (D. Conn. 1997), an employee's characterization of his or her responsibilities should not be dispositive when that characterization conflicts.[3]

With respect to this factor, the Court cannot determine, as a matter of law, whether or not Plaintiff's "management duties" were relatively more or less important than his non-exempt duties. As the Court has already explained, the Court cannot determine as a matter of law that Plaintiff had *any* managerial duties. Thus, until a trier of fact determines that Plaintiff even had managerial duties, a determination on the relative importance of such duties cannot be made.

**Exercise of Discretion, Freedom from Supervision**

The fact that an employee's discretion might be circumscribed by corporate policy does not mean that the employee exercises no discretion. *See Donovan v. Burger King Corp.* 675 F.2d 516, 521-22 (2d Cir. 1982) ("The exercise of discretion, however, even where circumscribed by prior instruction, is as critical to that success as adherence to 'the book.' [Defendant], of course, seeks to limit likely mistakes in judgment by issuing detailed guidelines, but judgments must still be made."). Further, the fact that a manager reports to other managers does not mean, as a matter of law, that the manager does not have management as a primary duty. *See Murray v. Stuckey's Inc.*, 939 F.2d 614 (8th Cir. 1991). The mere fact that managers are constrained by corporate policy and have their decisions reviewed by superiors does not diminish the primacy of their

---

[3]Contrary to Defendants' assertion (*see* Def. Mot. 24), an employer is *not* entitled to determine an employee's exempt status merely by assigning certain duties, unless the actual performance of those duties renders the employee exempt from the FLSA. Otherwise, any employer could flout the requirements of the FLSA by making certain nominal job assignments, regardless of whether these assignments actually become part of the employee's responsibilities.

managerial responsibilities.  Nevertheless, the employee still must exercise some discretion that distinguishes him or her from other employees.

In this case, Defendants state that Plaintiff supervised the other employees when Holloway was not present; even when Holloway was present, Holloway claims that "he did not interfere with Plaintiff's supervision and direction of the installation crew."  (Holloway Aff. ¶ 15-16.)  In fact, Holloway states that the "most important and primary function of Plaintiff's job . . . was supervising and directing the installation crew, and Plaintiff's managerial functions were essential to the success of the installation crew's operation."  (Holloway Aff. ¶ 18.)  However, these statements directly conflict with Plaintiff's own claims: that Plaintiff did not "direct others on what to do" and that he "did not supervise anyone."  (Salazar Decl. ¶¶ 9, 13.)  Instead, Plaintiff claims that he had "to check with Mr. Holloway" whenever he completed a project. (Salazar Decl. ¶ 13.)

Defendants point out that Plaintiff, in his deposition, stated that he was the "person in charge" of telling other crew members that a mistake had been made on the job.  (Def. Reply 15; Salazar Dep. 46.)  The fact that Plaintiff had a responsibility to inform other crew members of their mistakes does not *ipso facto* mean that other employees were not also responsible for pointing out mistakes made on the job, as Plaintiff maintains.  (Salazar Decl. ¶ 13.)  The Court does not find this statement to contradict Plaintiff's statement that he was not responsible for supervising the work of the other crew members justifying total exclusion of Plaintiff's declaration.  *See Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657-58 (11th Cir. 1984) (holding that the court may strike an affidavit that "merely contradicts, without explanation, previously given clear testimony.").  Further, even if the Court considered

10

Plaintiff's statements in the light advocated by Defendants, Plaintiff's statement that he was "in charge" of pointing out mistakes is insufficient alone to show that Plaintiff "exercised discretion" in a managerial capacity.  Again, the Court finds that a material issue of fact exists as to whether Plaintiff was free from supervision and whether he regularly exercised discretion.  Thus, the Court cannot decide this factor as a matter of law.

**Relationship Between Salaries**

According to Defendants, Plaintiff "was the most highly-compensated employee in terms of salary."  (Holloway Aff. ¶ 32.)  Defendants claim that Plaintiff made more per week than any other employee, including Howard Holloway himself.  (Holloway Aff. ¶¶ 31-32; *see also* Def. Mot. Ex. 2.)  Holloway states that Plaintiff was not required to work more than sixty hours per week, and Plaintiff would be paid an additional $200 to $300 for work performed on Saturdays.  (Holloway Aff. ¶¶ 34-35.)  Plaintiff does not challenge any of these allegations; Plaintiff only asserts that he "typically averaged 60 hours per week." (Salazar Decl. ¶ 5.)  Thus, because Plaintiff was paid a greater salary than other non-exempt employees, the Court finds that Plaintiff has not demonstrated the existence of a material issue of fact that he was not paid a higher salary than other employees.  Accordingly, as a matter of law, this factor weighs in favor of Defendants that management was Plaintiff's "primary duty."  However, because material issues of fact exist as to the application of the other three factors, the Court cannot reach a legal conclusion as to Plaintiff's primary duties.

Regularly Directs Work of Two or More Employees

As the Court has already explained, material issues of fact exist as to whether Plaintiff had any supervisory duties whatsoever.  Without a determination of whether Plaintiff had any

supervisory duties and any ability to direct the activities of subordinates, the Court cannot

determine, as a matter of law, whether Plaintiff directed the work of at least two other employees.

Thus, material issues of fact preclude a legal finding on this factor.

Ability to Hire and Fire

As the Court has already explained, an employee's authority to hire and fire employees or

the weight of an employee's recommendations regarding hiring and firing is only relevant for

conduct since August 2004.  Because Plaintiff worked for Defendants from 1999 to 2007, this

factor is only relevant for Plaintiff's employment from August 2004 to May 2007.  (*See* Salazar

Decl. ¶ 4.)  For all conduct prior to August 2004, the Court concludes that material issues of fact

regarding the application of the executive exemption, so an entry of summary judgment for

Defendants is inappropriate.

For the period after August 2004, the Court proceeds to address this final factor.  Holloway

claims that he allowed Plaintiff "to hire and fire the helpers."  (Holloway Aff. 20.)  More

specifically, Holloway states that Plainitff "brought each and every" crew member to Holloway

for Holloway to hire, with the exception of Holloway's two sons and one other man.  (Holloway

Aff. 21.)  Holloway avers that he "never rejected any person who Plaintiff brought to work."

(Holloway Aff. 23.)

This account varies considerably from Plaintiff's account.  Plaintiff avers that he was not

permitted to hire or fire employees; instead, he simply "facilitated an introduction" with

Holloway.  (Salazar Decl. 14.)  Plaintiff also claims that he "never fired any employees"; only

Holloway was permitted to fire workers (a power that Plaintiff argues Holloway used

extensively).

In Plaintiff's deposition, Plaintiff admitted that he brought several people to Holloway's attention, and that Howard generally trusted his judgment to bring people who would "work hard." (Salazar Dep. 56.)  Plaintiff also admitted that he recommended to Holloway that Holloway fire one employee, because "he was working like a woman." (Salazar Dep. 57.) Again, in contrast to Plaintiff's accusations, the Court does not find this deposition testimony to be in conflict with Plaintiff's declaration.

The Court recognizes that Defendants have failed to make any legal argument that Plaintiff's recommendations were given "particular weight"; rather, Defendants conclude that this proposition is self-evident.  (*See* Def. Mot. 19, 26.)  On the evidence submitted, the Court feels comfortable stating that Plaintiff's recommendations on hiring and firing were given some consideration.[4]  However, Defendants have not presented undisputed evidence that Plaintiff's recommendations were frequently sought and relied upon as to rise to the level of "particular weight."  Again, disputed issues of fact preclude a judgment as a matter of law with respect to this factor.  Nevertheless, even if the Court were to rule, as a matter of law, that this factor weighed in favor of Defendants, the Court would still conclude that an entry of summary judgment would be precluded for all conduct after August 2004.

**Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for

_____

[4]In determining whether an employee's recommendations should be given "particular weight," the Department of Labor regulations require the Court to consider the following factors: "whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon."  29 C.F.R. § 541.105. The regulations note that "an occasional suggestion with regard to the change in status of a co-worker" does not constitute "particular weight."  *Id.*

Summary Judgment (DE 18) is **DENIED**.

        **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida,

this 7th day of July, 2008.

                                                                    _____

                                                                    KENNETH A. MARRA
                                                                    United States District Judge

Copies furnished to:
all counsel of record

14